UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL JEROME HATCHETT,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KEN CLARK,<br><br>　　　　Respondent. | No. 2:22-cv-1361 AC P<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

　　　　Petitioner, a state prisoner proceeding pro se, seeks habeas relief pursuant to 28 U.S.C. § 2254 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF Nos. 1, 4. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　For the reasons stated below, petitioner's application to proceed in forma pauperis will be granted. In addition, the undersigned will recommend that the petition be summarily dismissed as successive and that the court decline to issue the certificate of appealability.

　　　　I.　　IN FORMA PAUPERIS APPLICATION

　　　　Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. See ECF No. 4. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

////

////

## II. THE PETITION

The petition presents a single claim: that petitioner's rights were violated when Ken Fisch, a detective, held petitioner in the Yolo County Jail for 365 days without any pending criminal charges. ECF No. 1 at 5. Petitioner contends that either a computer problem and/or the detective's inability to successfully add the 365 days to his time served has violated his rights under the Eighth Amendment. Id. The petition does not identify a conviction or other state court judgment under which petitioner is (or was) being held in custody in violation of the Constitution or laws of the United States. See id. at 1 and passim.

## III. PETITIONER'S PRIOR HABEAS PETITIONS

Court records reflect that plaintiff has filed two prior petitions for writ of habeas corpus in this court. The undersigned takes judicial notice of these records. Fed. R. Evid. 201(b).

In Hatchett v. Lungren, No. 2:98-cv-00345 WBS JFM, petitioner challenged his 1994 conviction for first degree murder. The petition was denied on the merits in 2003. Id. at ECF No. 99. Both the district court and the Ninth Circuit denied a certificate of appealability. Id. at ECF No. 123 (district court order), ECF No. 126 (Ninth Circuit order).

In Hatchett v. Clark, No. 2:20-cv-0892 KJM JDP, petitioner again challenged his 1994 conviction. He also attempted to challenge the validity of certain prior convictions that had been used to enhance his sentence. The Third Amended Petition in that case added a claim that Detective Fisch had petitioner held in the Yolo County Jail for 365 days without any pending criminal charges in violation of his rights. Id. at ECF No. 31, pp. 5, 8-10, 14-17. Respondent moved to dismiss the petition as an unauthorized second or successive petition. The assigned magistrate judge found that the petition was successive to the extent it challenged the 1994 conviction, and that challenges to prior convictions used to enhance the 1994 sentence were barred by Lackawanna County Dist. Atty. v. Coss, 532 U.S. 394, 402 (2001). Id. at ECF No. 41. The motion to dismiss was granted and the case was closed. Id. at ECF Nos. 45, 46.

## IV. THE STATUTORY BAR ON SECOND OR SUCCESSIVE PETITIONS

Under 28 U.S.C. § 2244(b)(3)(A), a second or successive application for habeas relief may not be filed in district court without prior authorization by the court of appeals. Felker v.

Turpin, 518 U.S. 651, 657 (1996). "Even if a petitioner can demonstrate that he qualifies for one of [the] exceptions [to filing a second or successive petition], he must seek authorization from the court of appeals before filing his new petition with the district court." Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). Prior authorization is a jurisdictional requisite. Burton v. Stewart, 549 U.S. 147, 152-53 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (once district court has recognized a petition as second or successive pursuant to § 2244(b), it lacks jurisdiction to consider the merits).

A petition is successive within the meaning of 28 U.S.C. § 2244(b) where it seeks to add a new ground for relief or if it attacks the federal court's previous resolution of a claim on the merits. Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). A prior habeas disposition is "on the merits" if the district court either considered and rejected the claim or determined that the underlying claim would not be considered by a federal court. See Howard v. Lewis, 905 F.2d 1318, 1322 (9th Cir. 1990).

V.    DISCUSSION

The face of the present petition does not identify the conviction allegedly rendered constitutionally infirm by Detective Fisch's actions. However, whether this claim attacks petitioner's 1994 conviction *or* a prior conviction that was used to enhance his 1994 conviction, the petition is second or successive.

To the extent petitioner challenges his 1994 conviction, the denial of his 1998 petition requires petitioner to obtain authorization from the Ninth Circuit before seeking to bring any claims. Because he has not done so, this court lacks jurisdiction.

Moreover, the claim alleging misconduct by Detective Fisch was presented in petitioner's 2020 case. Whether it was among those claims dismissed as successive in light of the 1998 petition *or* those summarily dismissed as Lackawanna barred,[1] this claim was plainly rejected on the merits in petitioner's previous case. See Howard, 905 F.2d at 1322 (prior disposition is "on the merits" for purposes of the successiveness bar if court determined the claim would not be

---

[1] A federal habeas petitioner may not challenge his present custody on grounds that a prior conviction used to enhance the sentence was invalid. Lackawanna, 532 U.S. at 402.

considered). Accordingly, the instant petition is successive to the 2020 case whether or not it can be determined on its face to be successive to the 1998 case.

The Ninth Circuit has not authorized the filing of the instant petition. Accordingly, it must be dismissed for lack of jurisdiction. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 4) is GRANTED, and

2. The Clerk of Court shall randomly assign a District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's application for a petition for writ of habeas corpus be DISMISSED with prejudice as successive. See 28 U.S.C. § 2244(a); and

2. The court DECLINE to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 30, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE